UNITED STATES DISTRICT COURT FOR THE
<u>WESTERN DISTRICT OF NEW YORK</u>

ROBIN CASILLO,

          Plaintiff,          Case No.:

vs.

THE NIAGARA COUNTY SOCIETY FOR THE
PREVENTION OF CRUELTY TO ANIMALS,
JONATHAN BONDI,          Jury Trial Demanded
AMY LEWIS,

          Defendants.

## COMPLAINT

Plaintiff, Robin Casillo, by her attorney, Vincent T. Parlato, Esq. for her Complaint against the defendants, THE NIAGARA COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS ("SPCA"), Jonathan Bondi ("Bondi"), and Amy Lewis, alleges as follows:

### JURISDICTION AND VENUE

1.    This is a civil action seeking damages for constitutional violations, actionable under 42 U.S.C. § 1983, being federal questions cognizable in this Court under 28 U.S.C. § 1331, and for New York State law claims, cognizable in this Court under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.    Venue is proper in this Court, under 28 U.S.C. § 1391, as all of the events giving rise to the claims occurred within the territorial jurisdiction of the Western District of New York.

1

## PARTIES

3. Robin Casillo is a resident of the State of Connecticut.

4. At all times relevant, Plaintiff, Robin Casillo was a resident of the State of New York, in Niagara County, New York.

5. Defendant SPCA was and still is at all relevant times a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York, and maintains an office for the transaction of business located within the County of Niagara and State of New York.

6. Defendant Jonathan Bondi is an investigator with the SPCA.

7. Defendant Amy Lewis is the executive director of the SPCA.

8. As part of the functions of the SPCA, it is delegated by the State of New York and County of Niagara to investigate and enforce civil components of the New York State Agriculture and Markets Law ("AML"), including AML § 353, overdriving and torturing of animals. In this capacity, the SPCA and its agents, servants, employees, including Defendant Lewis, acted as arms of the State, and under color of state law, for purposes of enforcing the AML.

## STATEMENT OF FACTS

9. At all relevant times, including on January 15, 2023, Plaintiff resided and maintained a business, d/b/a Kline Kennels, on 5893 Kline Road, in the County of Niagara, State of New York, in the Town of Lewiston.

10. Plaintiff operated a dog kennel, where she bred and housed various dogs for sale and adoption to the public.

11. Defendant SPCA owned, operated, maintained, managed, and controlled a facility for the purpose of, among other things, housing and offering dogs and other animals for adoption.

12. On or about December 15, 2023, the SPCA, Lewis, and Bondi conspired, planned, and schemed to defraud and convert Plaintiff's property, by abusing legal process to seize approximately 55 of Plaintiff's dogs.

13. It was part of the manner and means of the scheme to defraud Plaintiff and take her property that Defendants swore to and manufactured an application for a search warrant and criminal information that Defendants knew or should have known lacked probable cause from the outset.

14. On December 15, 2023, Defendant Bondi swore to eight criminal informations accusing Plaintiff of "overdriving, torturing and injuring animals; failing to provide proper sustenance."

15. The informations, and subsequent seizure of all of Plaintiff's dogs, were inadequately supported by an SPCA veterinarian's examination of a mere eight of the dogs, opining that immediate care and treatment was needed for mild tartar on the teeth of the elderly dogs, that an elderly dog was missing teeth, among other allegations.

16. Based on these informations, Plaintiff's dogs were seized, her property searched, and Plaintiff's was criminally charged with eight informations, Class A misdemeanors under New York State Law.

3

17. Following the search and seizure, a civil forfeiture hearing was held on January 23, 2024 in the Town of Lewiston Justice Court, in which Defendant Lewis and a veterinarian for the SPCA, Louis Burdick, testified.

18. The Justice Court then erroneously issued a forfeiture order on January 24, 2024, requiring Plaintiff to post a security in accordance with AML § 376(6) of $37,000.00 "by the close of business on January 30, 2024" and that should Plaintiff fail to do so, she would "immediately forfeit the seized animals to" the SPCA.

19. Plaintiff was unable to raise that substantial sum of money within the six days permitted under the order.

20. Plaintiff sought a stay of the order form the Justice Court, which was denied on January 30, 2024.

21. An Article 78 petition was commenced on January 30, 2024 to seek a stay of the forfeiture order in the Niagara County Supreme Court. Due to a misapprehension of law by the Supreme Court, it was transferred to the Niagara County Court to hear the matter as a direct appeal.

22. The Niagara County Court then stayed the forfeiture order.

23. Problematically, by the time the County Court issued a stay, within less than forty-eight hours from the effective date and time of the forfeiture order, and before the County Court's issuance of a stay, on February 1, 2024, the SPCA reported that it no longer had possession of Plaintiff's dogs, and that they had "been adopted out of the shelter and are no longer SPCA property."

24.     Upon information and belief, the Plaintiff's property was secreted, diverted, and converted by Defendants prior to the time the SPCA obtained vested ownership of the property.

25.     Subsequent to this civil forfeiture order, Plaintiff filed a motion to dismiss the criminal informations, which formed the basis for the search, seizure, and forfeiture of the dogs, predicated upon *Mapp v. Ohio*, 367 U.S. 643 (1961).

26.     The People of the State of New York, through the Niagara County District Attorney's Office, conceded in response to Plaintiff's motion to suppress that Defendants lacked probable cause to search and seize Plaintiff's property.

27.     Consequently, the Lewiston Justice Court dismissed all eight of the informations pled against Plaintiff.

28.     The dismissal by the Town of Lewiston Justice Court constituted an acknowledgment and determination that Defendants lacked probable cause to seize Plaintiff's property.

29.     However, by the time the Town of Lewiston Justice Court finally dismissed the informations following the People's concession that there was a lack of probable cause to seize the dogs, those same informations resulting in the said search and seizure, and forfeiture of the dogs through the companion civil proceeding, had already occurred, and Plaintiff's property was already disposed of.

30.     As a consequence, Plaintiff's property was taken under color of state law, and Plaintiff has been damaged.

31. At all times, Lewis and Bondi acted as agents of the SPCA, for which the SPCA is vicariously liable.

## AS AND FOR A FIRST CAUSE OF ACTION, UNREASONABLE SEARCH AND SEIZURE

32. Plaintiff repeats the above allegations in paragraphs "1" through "29" with the same force and effect as if fully restated, herein.

33. At all relevant times, while private actors, Defendants also operated as state actors, for purposes of 42 U.S.C. § 1983, and under color of state law delegated to them, including the SPCA, to enforce the New York State AML.

34. Defendants did act, without probable cause that a crime of AML offense had been committed, to seize not only the eight dogs named in the eight informations (which themselves were acted upon without probable cause), but seized the entirety of Plaintiff's dogs, being property, and in effect her entire business and livelihood.

35. Subsequently, the same state court (Lewiston Justice Court) that initially countenanced the unlawful seizure subsequently and correctly dismissed all of the eight informations pled against Plaintiff, thus acknowledging, as the People of the State of New York acknowledged, that Defendants lacked probable cause to search Plaintiff's property and seize her property.

36. Plaintiff demands that the value of Plaintiff's property wrongfully taken and seized, without probable cause, be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION, MALICIOUS PROSECUTION, PLAINTIFF ALLEGES AS FOLLOWS

37. Plaintiff repeats the above allegations in paragraphs "1" through "36" with the same force and effect as if fully restated, herein.

38. At all relevant times, while private actors, Defendants also operated as state actors, for purposes of 42 U.S.C. § 1983, and under color of state law delegated to them, including the SPCA, to enforce the New York State AML.

39. Defendants commenced a civil and criminal proceeding against Plaintiff, which terminated in Plaintiff's favor when the Town of Lewiston Justice Court dismissed the criminal action against Plaintiff due to a conceded lack of probable cause to search and seize Plaintiff's property.

40. Defendants commenced the civil and criminal proceedings by swearing to, supporting, and advancing informations and allegations against Plaintiff resulting in the search of her property and seizure of her property, and civil and criminal prosecution.

41. Defendants knew or should have known that they lacked a good faith basis and/or probable cause to advance the prosecution, but maliciously advanced the prosecution anyway.

42. Defendants acted with actual malice, including but not limited motivation to seize and convert Plaintiff's property, the said dogs.

43. Plaintiff has been damaged in a sum to be determined at trial.

**AS AND FOR A THIRD CAUSE OF ACTION, FALSE ARREST
PLAINTIFF ALLEGES AS FOLLOWS**

44. Plaintiff repeats the above allegations in paragraphs "1" through "43" with the same force and effect as if fully restated, herein.

45. At all relevant times, while private actors, Defendants also operated as state actors, for purposes of 42 U.S.C. § 1983, and under color of state law delegated to them, including the SPCA, to enforce the New York State AML.

46. Defendants, including Bondi, SPCA, and Lewis, intended to confine Plaintiff, which Plaintiff was conscious of at the time of her arrest, she did not consent to the confinement, and the confinement was not otherwise privileged when criminal information sworn to lacked probable cause.

47. As a result, Plaintiff has been damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION, DEPRIVATION OF DUE PROCESS, PLAINTIFF ALLEGES

48. Plaintiff repeats the above allegations in paragraphs "1" through "47" with the same force and effect as if fully restated, herein.

49. At all relevant times, while private actors, Defendants also operated as state actors, for purposes of 42 U.S.C. § 1983, and under color of state law delegated to them, including the SPCA, to enforce the New York State AML.

50. Defendants acted, as described above, unlawfully to deprive Plaintiff of her property, and to deprive her of the "rights, privileges, or immunities secured * * * by the Constitution or laws of the United States."

51. Plaintiff maintained a protected property interest in the dogs she owned relative to her business, for which she had a legitimate claim of entitlement pursuant to State or local law.

52. As a consequence of this deprivation of her property rights, where Defendants acted without probable cause to seize and convert her property, Plaintiff has been damaged in a sum to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION, ABUSE OF PROCESS, PLAINTIFF ALLEGES

53. Plaintiff repeats the above allegations in paragraphs "1" through "52" with the same force and effect as if fully restated, herein.

54. At all relevant times, while private actors, Defendants also operated as state actors, for purposes of 42 U.S.C. § 1983, and under color of state law delegated to them, including the SPCA, to enforce the New York State AML.

55. Defendants employed regularly issued legal process to compel performance or forbearance of some act, in this case, the unlawful seizure of Plaintiff's property for Defendants' gain.

56. Defendants did so with the intent to do harm to Plaintiff without excuse of justification.

57. Defendants acted in order to obtain a collateral objective that is outside the legitimate ends of the process, including but not limited to the addition of her dogs to their facilities, funding, social media and public recognition, and other aims and ends Defendants sought to achieve through their illegal misconduct.

58. As a consequence, Plaintiff has been damaged in a sum to be determined at trial.

**AS AND FOR A SIXTH CAUSE OF ACTION, CONVERSION, PLAINTIFF ALLEGES**

59. Plaintiff repeats the above allegations in paragraphs "1" through "58" with the same force and effect as if fully restated, herein.

60. At all relevant times, while private actors, Defendants also operated as state actors, for purposes of 42 U.S.C. § 1983, and under color of state law for authorities delegated to them, including the SPCA, to enforce the New York State AML.

61. Defendants acted without authorization, based upon informations and a warrant made without probable cause, to exercise dominion or a right of ownership over property belonging to Plaintiff, namely, her dogs, and despite her demand and request for the return of her property, Defendants not only refused the demand, but abused legal process in order to deprive her of her property, the said dogs.

62. As a consequence, Plaintiff has been damaged in a sum to be determined at trial.

**AS AND FOR A SEVENTH CAUSE OF ACTION, TRESPASS TO CHATTELS, PLAINTIFF ALLEGES**

63. Plaintiff repeats the above allegations in paragraphs "1" through "62" with the same force and effect as if fully restated, herein.

64. At all relevant times, while private actors, Defendants also operated as state actors, for purposes of 42 U.S.C. § 1983, and under color of state law for

authorities delegated to them, including the SPCA, to enforce the New York State AML.

65. Defendants intended to deprive Plaintiff of her property, the said dogs at her kennel, and to do so unlawfully.

66. Defendants took physical possession of Plaintiff's dogs by bringing them to their facilities at the SPCA.

67. In doing so, Defendants took actual possession of Plaintiff's property.

68. As a consequence, Plaintiff has been harmed, including where her property was disposed of without being returned to her, in an amount to be determined a trial.

### AS AND FOR AN EIGHTH CAUSE OF ACTION, INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, PLAINTIFF ALLEGES

69. Plaintiff repeats the above allegations in paragraphs "1" through "68" with the same force and effect as if fully restated, herein.

70. At all relevant times, while private actors, Defendants also operated as state actors, for purposes of 42 U.S.C. § 1983, and under color of state law for authorities delegated to them, including the SPCA, to enforce the New York State AML.

71. At the time that Defendants unlawfully seized Plaintiff's dogs, Plaintiff had contracts or relationships with multiple parties that had contracted, and placed deposits with Plaintiff, to purchase and adopt some of Plaintiff's dogs.

72. Defendants were made aware of the relationship between Plaintiff and the third parties prior to the AML hearing on January 24, 2024.

11

73. Nevertheless, Defendants' intentional acts of search and seizure, wrongful retention of the dogs, and the steps taken to convert and retain Plaintiff's property was designed to induce a breach or disrupt the contract or relationship between Plaintiff and the third parties that had contracted with Plaintiff to purchase some of her dogs.

74. Defendants' actions caused Plaintiff to breach these contracts, resulting in damages to be determined at trial.

### AS AND FOR AN TENTH CAUSE OF ACTION, PRIMA FACIE TORT, PLAINTIFF ALLEGES

75. Plaintiff repeats the above allegations in paragraphs "1" through "74" with the same force and effect as if fully restated, herein.

76. At all relevant times, while private actors, Defendants also operated as state actors, for purposes of 42 U.S.C. § 1983, and under color of state law for authorities delegated to them, including the SPCA, to enforce the New York State AML.

77. Plaintiff maintained a kennel business where she raised, bred, and adopted out dogs.

78. Defendants intentionally acted to harm Plaintiff, by swearing to and advancing false allegations that resulted in the unlawful taking of her property.

79. Because this property taken from Plaintiff constituted her livelihood and business, where all of her dogs were taken, Plaintiff's damages were great and substantial, and will be determined at trial.

80. Defendants' actions in seizing and taking Plaintiff's property was done without excuse or justification upon acts and allegations, through the swearing to informations that would otherwise be lawful had probable cause existed ex ante.

81. Plaintiff has been damaged in amounts to be determined at trial.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, PLAINTIFF ALLEGES:**

82. Plaintiff repeats the above allegations in paragraphs "1" through "81" with the same force and effect as if fully restated, herein.

83. At all relevant times, while private actors, Defendants also operated as state actors, for purposes of 42 U.S.C. § 1983, and under color of state law for authorities delegated to them, including the SPCA, to enforce the New York State AML.

84. Defendants' conduct, described above, was extreme and outrageous, including the abuse of legal process to secure, seize, steal, and wrongfully take Plaintiff's property.

85. Defendants knew or should have known of Plaintiff's attachment to the property, the dogs, and her reputation built upon her business in raising and adopting out dogs, and that the false allegations resulting in the destruction of her business, caused her severe emotional distress.

86. Defendants' actions caused Plaintiff's severe emotional distress.

87. Plaintiff prays for damages in an amount to be determined at trial.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION, DEFAMATION, PLAINTIFF ALLEGES:**

13

88. Plaintiff repeats the above allegations in paragraphs "1" through "87" with the same force and effect as if fully restated, herein.

89. Defendants published, in print or social media, false statements to multiple third parties, without an authorization or privilege to do so, that was at least negligent, and exposed Plaintiff to contempt and ridicule with respect to her business of raising and selling dogs.

90. Defendants, through a social media account handle on Facebook/Meta, "Niagara SPCA" published on December 15, 2023 a post as follows:

> (3) Facebook                                                                                       1/28/24, 8:35 PM
>
> Today, Officer Bondi and Agent Burow executed a search warrant on Kline Kennels at 5893 Kline Road in the Town of Lewiston, seizing 44 small breed dogs including Poodles and Shih Tzus after we received multiple complaints concerning the welfare of the dogs. Witness statements indicated high ammonia levels in the home and what seemd like unorthodox viewing practices by the owner.
>
> Agents believe the owner may have been tipped off due to evidence of a very recent large-scale clean-up. Several boxes of food were ordered yesterday and overnighted to the residence. Multiple bags of hair caked with feces were found in the garage from grooming.
>
> The owner of Kline Kennels, Robin Casillo faces 7 counts of misdemeanor animal cruelty for failure to provide treatment with an 8th charge pending. She was ticketed for 5 local ordinances for unlicensed dogs. Bottles of what we're told are unauthorized prescription drugs were also seized from the residence.
>
> Agents descibed Kline Kennels as a puppymill right in our backyard. Dogs spun in cages, were fearful of being handled and food bowls, instead of containing food, contained feces.
>
> The dogs are evidence in a cruelty case and are not available for adoption.
>
> If anyone would like to help, we will need an ample supply of puppy pads, Science Diet small breed puppy and small breed adult food. Amazon Wishlist:
> https://www.amazon.com/hz/wishlist/ls/3HPXATFVSTKUH...
>
> We'll keep you updated as this case progesses.
>
> We'd like to thank Officer Richael from Lewiston PD for her hands on help with this case.
>
> Donations can be dropped off at the Shelter at 2100 Lockport Rd, Niagara Falls.

91. Defendants accused Plaintiff of operating a "puppymill," upon information and belief, as derogatory term meant to indicate abuse of animals.

92. Defendants falsely alleged cruel conditions, feces in cages, fearful animals, animal cruelty, and other false statements that damaged and injured Plaintiff's business reputation.

93. Plaintiff seeks damages in an amount to be determined at trial.

**WHEREFORE**, for these reasons, Plaintiff seeks judgment as follows: special damages, general damages, and punitive damages in amounts to be determined at trial; costs and disbursements, and attorneys' fees pursuant to 42 U.S.C. § 1988, together with any such other and further relief as the Court may deem just and proper.

Dated:   January 30, 2025

*/s/ Vincent T. Parlato*
Attorney for Plaintiff
69 Delaware Avenue, Suite 1008
Buffalo, New York 14202
716-430-8858
Vincent.parlato@buffalonylegal.com