UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

---

ROBIN CASILLO

Plaintiff,

vs.

**ANSWER**
**Case No.: 1:25-cv-00101-LJV**

THE NIAGARA COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, JONATHAN BONDI, and AMY LEWIS

**Jury Trial Demanded**

Defendants.

---

Defendants, THE NIAGARA COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS (“SPCA”), JONATHAN BONDI and AMY LEWIS (collectively “Defendants”) by and through its attorneys, Hardy Marble LLP, as and for its answer to Plaintiff’s complaint, dated January 30, 2025 (“Complaint”), responds as follows:

1. The Defendants admit the allegations contained in paragraphs numbered “5”, “6”, “7”, “11”, “16”, “17”, and “20” of the complaint herein.

2. The Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered “1”, “2”, “3”, “4”, “9”, “10”, “19”, “21”, “22”, “23”. “25”, “26”, “27”, “40”, “66”, “72”, “77”, and “90” of the complaint herein.

3. The Defendants deny the allegations contained in the paragraphs numbered “8”, “12”, “13”, “15”, “18”, “24”, “28”, “29”, “30”, “31”, “33”, “34”, “35”, “36”, “38”, “39”, “41”,

"42", "45", "46", "47", "49", "50", "51", "52", "54", "55", "56", "57", "58", "60", "61", "62", "64", "65", "67", "68", "73", "74", "76", "78", "79", "80", "81", "83", "84", "85", "86", "87", "89", "91", "92" and "93" of the complaint herein.

4. The Defendants deny each and every allegation of the complaint not hereinbefore expressly and specifically admitted, controverted or denied.

**AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

5. That the alleged damages sustained by the plaintiff herein were caused solely by the conduct of the plaintiff or were contributed to by the conduct of the plaintiff or the risks were assumed by the plaintiff and were if it is determined that the plaintiff is entitled to recovery, the defendant demands that the verdict be apportioned in accordance with the culpable conduct attributable to the Plaintiff.

**AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

6. That plaintiff's complaint fails to state a cause of action.

**AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

7. That the defendants have at all times acted in good faith and without malice.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

8. That the defendants have qualified immunity from the claims asserted in the complaint.

**AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

9. Some or all of the plaintiff's causes of action are barred in whole or in part by the applicable Statute of Limitations.

**AS AND FOR A SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

10. Plaintiff fails to state sufficient facts to constitute a deprivation of their civil rights.

**AS AND FOR A SEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

11. At all times, Defendants conducted their activities in compliance with all applicable laws, rules, regulations, ordinances, Court issued search and arrest warrants and Court Orders and none of the Defendants violated Plaintiffs' civil rights in any manner.

**AS AND FOR A EIGTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

12. The plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hangs.

**AS AND FOR A NINTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

13. No rule, statute or substantive law entitled Plaintiff to the recovery of counsel fees or costs in this action.

**AS AND FOR A TENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

14. The plaintiff has incurred no damages. To the extent that Plaintiffs have incurred damages, those damages have been caused by Plaintiffs' own acts or omissions.

**AS AND FOR A ELEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

15. Defendants are entitled to the defense of witness immunity.

**AS AND FOR A TWELTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

16. Defendants at all times acted objectively reasonably under the circumstances and all of their actions were justifiable and in good faith. Defendants were in the reasonable belief that their actions were authorized by and in accordance with existing law and authority. Defendants acted without any intent or malice during the time period relevant to this matter.

**AS AND FOR A THIRTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

17. The doctrine of respondeat superior is not applicable in actions under 42 U.S.C. 1983 and therefore the SPCA should be dismissed.

**AS AND FOR A FOURTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

18. The plaintiffs fail to allege sufficient facts to show that supervisors of the SPCA should be held liable under 42 U.S.C. 1983.

**AS AND FOR A FIFTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

19. The plaintiff failed to name all necessary and proper parties.

**AS AND FOR A SIXTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

20. Plaintiff has a legal obligation to mitigate her claimed damages and failed to do so.

**AS AND FOR A SEVENTEETH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

21. The Defendants relied on the advice of counsel and made a full and truthful disclosure of the facts, sought the advice of counsel on the search warrant and probable cause; counsel advised Defendant Bondi to file for the search warrant and Defendant Bondi relied upon the advice of counsel in good faith.

**AS AND FOR A EIGHTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

22. With respect to the allegations in the complaint, the assertions and substance of the "Facebook/Meta" post were demonstrably and in fact true and none were asserted with malice or for any purpose other than addressing the clear impropriety of plaintiff with its particular ethos, and purpose.

**AS AND FOR A NINETEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

23. The complaint fails to state a cause of action on which relief can be granted and is invalid and void as a matter of law for failure to plead and state the words and statements of the Defendant with requisite particularity in violation of CPLR §3016(a) and as otherwise required by law.

**AS AND FOR A TWENTIETH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

24. The words and statements, and the meaning thereof, in context and in their entirety, were and are, substantially true, accurate and non-actionable in substance, fact and effect, and in their ordinary and recognized meaning and a reasonable interpretation of the Plaintiff's actions, demeaner and conduct as a whole.

**AS AND FOR A TWENTY FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

25. Liability, if any, and whatever damages and injuries, if any, sustained by the Plaintiff, were proximately caused by superseding and/or intervening causes and not by any action, omission or cause attributable to this Defendant.

**AS AND FOR A TWENTY SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

26. Any acts, words, statements or communications attributable to this Defendant and/or complained of in the Complaint were made and done without malice toward the Plaintiff, with an honest and reasonably held belief in the truth of the facts on which the statements and conduct were based, and in good faith reliance on information obtained from persons and sources believed to be truthful and accurate.

**AS AND FOR A TWENTY THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

27. The subject matter that is basis of Plaintiff's complaint was of public interest and concern.

28. The statements, if any, attributed or attributable to this answering Defendant were made concerning and commenting on matters of public interest and concern.

29. The Plaintiff is a "public figure" within the meaning of the laws of libel.

30. The statements, if any, attributed or attributable to this answering Defendant and complained of in the Plaintiff's complaint were made without actual or legal (constitutional) malice, and were and are within the protection of rights and privileges thereby precluding recovery by the plaintiff by virtue of the First Amendment to the United States Constitution and Article I, §8 of the New York State Constitution.

**AS AND FOR A TWENTY FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

31. The allegations of the Complaint fail to state a cause of action in that the complained of statements were neither slanderous nor libelous *per se* and Plaintiff has failed to allege any special damage(s).

**AS AND FOR A TWENTY FIFTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM, THESE ANSWERING DEFENDANTS ALLEGES:**

32. Plaintiff, ROBIN CASILLO, is a resident of the State of Connecticut.

33. Defendant, THE NIAGARA COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS is a domestic not-for-profit authorized to conduct business in the State of New York with offices located in Niagara County.

34. Defendant, JONATHAN BONDI is a resident of the County of Erie and State of New York.

35. Defendant, AMY LEWIS is a resident of the County of Niagara and State of New York.

36. Plaintiff ROBIN CASILLO commenced this meritless litigation to harass, intimidate, punish or otherwise maliciously inhibit each defendant's free speech and to stifle their right to petition for redress of wrongs.

37. At all times relevant hereto, any complaint or statement made about the conduct of Plaintiff ROBIN CASILLO constituted acts of public petition and participation pursuant to New York Civil Rights Law § 76-a(1)(a), and was lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with issues of public interest and public concern, and/or in furtherance of the exercise of the constitutional right of petition in accordance with New York Civil Rights Law §76-a(1)(a)(1).

38. Plaintiff ROBIN CASILLO commencement of the instant litigation against Defendants solely for the purpose of continuing to harass, intimidate, punish or otherwise maliciously and dangerously inhibit each defendant's free exercise of speech, petition or association rights.

39. Plaintiff, ROBIN CASILLO's lawsuit against Defendants was commenced without a substantial basis in fact and law and cannot be supported by a substantial argument for the extension, modification or reversal of existing law.

40. This lawsuit by Plaintiff, ROBIN CASILLO constitutes a strategic lawsuit against public policy ("SLAPP") in violation of the anti-SLAPP law of New York State found in Article 7 of New York's Civil Rights Law.

41. This New York State law claim is cognizable in this Court under its supplemental jurisdiction pursuant to 28 U.S.C. §1367.

42. By reason of the foregoing, Defendants, are entitled to compensatory and punitive damages in an amount to be proven at trial, together with an award of costs and attorneys' fees, which are permitted by statute.

**AS AND FOR A TWENTY SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

43. Defendants reserve the right to plead additional affirmative defenses as may be appropriate depending upon facts later revealed during discovery.

WHEREFORE, judgment is demanded as follows:

(a) Dismissing the Plaintiff's Complaint in its entirety;

(b) Judgment on Defendants counterclaim for compensatory and punitive damages in an amount to be determined at trial with interest thereon, attorneys' fees and costs; and

(c) For such other, further and different relief as to this Court may seem just, proper and equitable.

DATED: April 14, 2025
Lockport, New York

Bradley D. Marble, Esq. for
Hardy Marble LLP
**Attorneys for Defendants**
172 East Avenue
Lockport, New York 14094
(716) 433-5555
bmarble@hardymarble.com